

# IN THE UNITED STATES DISCTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (Richmond Division)

| | |
|---|---|
| **ROBERT HARRISON,** | ) |
| *Plaintiff,* | ) NO.: 3:24CV031 |
| | ) |
| v. | ) **CLASS ACTION COMPLAINT** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## COMPLAINT FOR CIVIL ACTION

Plaintiff alleges that at all times material:

1. Plaintiff Robert Harrison ("Plaintiff"), proceeding pro se, file civil action, under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681et.seq. against Defendant Experian Information Solutions, Inc ("Experian"). Plaintiff hereby submits a Complaint for Civil Action against Experian in support of this action.

The Plaintiff's Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), this Court has subject matter jurisdiction in this matter pursuant to 15 U.S.C. § 1681p., and the Complaint sufficiently alleges consumer harm and damage.

2. Plaintiff is a natural person residing in the State of Virginia, as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

3. Defendant Experian is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

## COUNT I

4. Plaintiff asserts that Experian does not have permissible purpose for the reporting of the accounts they were notified of, pursuant to 15 U.S. Code § 1681b. *See Exhibit A for a copy of the letter sent, dated July 5, 2023.*

## COUNT II

5. Plaintiff asserts that Experian has violated his right to privacy, pursuant to 15 USC 1681a4.

## COUNT III

6.  Plaintiff asserts that Experian has the responsibility to maintain an accurate credit report, pursuant to 15 USC1681eb.

## COUNT IV

7.  Plaintiff asserts that per the FCRA, Experian is required to validate the accounts on their credit report and they failed to do so.

## COUNT V

8.  Plaintiff asserts that Experian furnished deceptive forms and violated his right to an accurate credit report. Doing so hindered him financially and affected him mentally, pursuant to 15 USC 1692j. Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

9.  Plaintiff is entitled to actual damages in an amount to be determined by the jury.

## **COUNT VI**

10.   Plaintiff asserts that per the FCRA, Experian was being willfully noncompliant. Experian was made aware in previous disputes that the Plaintiff's credit report was not accurate, and Experian failed to take corrective action to remove the accounts for the Plaintiff's credit report, pursuant to 15 USC 1681n. *See Exhibit A and Exhibit B for a copy of dated letters sent.*

### *I.   Factual Background*

Plaintiff asserts claims against Experian, that it is in violation of 15 USC 1681a(2)(A)(i); the consumer report from Experian DOES NOT INCLUDE information solely as to transactions or experiences between the consumer and the person making the report and any authorization or approval of a specific extension of credit directly or indirectly by the issuer of a credit card or similar device. Additionally, per the FCRA 15 USC 1681b(2) consumer reporting agencies are only to furnish a consumer report in accordance with the written instruction of the consumer to whom it relates. Plaintiff asserts that he has NOT given written permission or consent for my credit report to be furnished.

## *II. Argument*

Plaintiff asserts that Experian was notified, via his letters submitted and documented since 07/05/2023 that they were unlawfully reporting fraudulent accounts that arose from IDENTIFY THEFT that they did not verify as required by law on the Plaintiff's consumer report. *See Exhibit A and Exhibit B for a copy of dated letters sent.*

15 USC §1681b (c) Furnishing reports in connection with credit or insurance transactions that are not initiated by consumer (3) Information regarding inquiries; Except as provided in section 1681g(a)(5) of this title, a consumer reporting agency shall not furnish to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer.

Plaintiff asserts that Experian was informed that his identity had been stolen and that Experian was hereby put on notice. Plaintiff notified Experian that his identification was being used without his permission to open several accounts that damaged his reputation and damaged his mode of living due to Experian furnishing a consumer report without the Plaintiff's written permission as stated by Federal Law. *See Exhibit A and Exhibit B for a copy of dated letters sent.*

**15 USC §1681b Permissible purpose of consumer reports**

(a) IN GENERAL

Subject to subsection (c) any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(2) In accordance with the written instructions of the consumer to whom it relates.

Plaintiff asserts claim that Experian aided this Fraud by not verifying these accounts.

Congress states:

**15 USC §1681 Fair Credit Reporting Act**

**(a) Accuracy and fairness of credit reports**

(4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

Pursuant **15 U.S. Code § 1681c–2 - Block of information resulting from identity theft**

Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—

(1) appropriate proof of the identity of the consumer;

(2) a copy of an identity theft report;

(3) the identification of such information by the consumer; and

(4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

Plaintiff asserts that he attached all the relevant documents pursuant to the above Section of the law. Plaintiff also demanded that all the above Fraudulent accounts be DELETED immediately. There was also a demand for an updated copy of his Consumer File reflecting these changes (15 USC 1681 c-1 2 Access to free reports). *See Exhibit A and Exhibit B for a copy of dated letters sent.*

**(2) Access to free reports**

In any case in which a consumer reporting agency includes a fraud alert in the file of a consumer pursuant to this subsection, the consumer reporting agency shall—

(A) disclose to the consumer that the consumer may request a free copy of the file of the consumer pursuant to section 1681j(d) of this title.

## PRAYER

Plaintiff demands a jury trial on all claims. Wherefore plaintiff Robert Harrison prays for a judgment as follows:

1. On Plaintiffs claim for relief for willful violations of the FCRA against Defendant Experian:

a. Actual damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury; and,

c. Statutory damages as determined by the court; and

2. On Plaintiff's claim for relief for negligent violations of the FCRA against Defendant Experian:

a. Actual damages in an amount to be determined by the jury;

3. On All Claims for Relief, costs and expenses incurred in this action

Respectfully submitted,

THE PLAINTIFF

Dated: January 16, 2024     By _____
Robert N. Harrison
10921 Tray Way, Glen Allen, VA 23060.
Tele: (804) 256-6718
ROBBY_H1@HOTMAIL.COM
Pro se

Experian Information Solutions, Inc
Serve: David N. Anthony
Trotman Pepper

Experian Information Solution, Inc
Serve: David N. Anthony
Trotman Pepper
1001 Haxall Point, Flr 15
Richmond, VA 23219