IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **ROBERT HARRISON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:24-CV-00031-RCY |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant Experian Information Solutions, Inc. ("Experian"), by counsel, files the following Memorandum of Law in Support of its Motion to Dismiss Plaintiff Robert N. Harrison's ("Plaintiff") Complaint with prejudice.

**INTRODUCTION**

Plaintiff, proceeding *pro se*, filed his Complaint in this action on January 16, 2024 (ECF 1). His lawsuit purports to seek damages from Experian under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, in connection with the allegedly impermissible furnishing of Plaintiff's credit information to third parties. Experian is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681 a(f) whose activities are governed by the FCRA, but the Complaint is meritless. Plaintiff fails to plead any factual basis for the relief he seeks and, even *assuming* he has, the Complaint does not include any cognizable legal theory. Rather, each alleged violation of law is a misinterpretation of applicable legal standards or hinged on tentative casual inferences that amount to unactionable speculation.  Fundamentally Mr. Harrison believes that he must be

consulted any time a CRA receives input from his creditors regarding his loan balances and repayment history and must give his consent any time a potential credit grantor seeks a credit report. As the FCRA makes clear, this is simply not the law. Because no repleading can cure such fatal flaws in his claims, the Court should dismiss the Complaint, in full, with prejudice.

## ALLEGATIONS

Plaintiff's Complaint is difficult to follow. In a meandering series of paragraphs and citations it plucks numerous, disconnected provisions from the FCRA in an attempt to plead a statutory violation against Experian. But much of the Complaint makes little sense, and leaves Experian in the difficult position of deciphering what precisely is being alleged. At core, Plaintiff appears to assert that Experian is not permitted, without his consent, to report on his credit history to third parties, often referred to as a "permissible purpose" claim. He repeatedly parrots the FCRA, for example, to make this accusation: "Experian does not have [sic] permissible purpose for the reporting of the accounts they were notified of." Complaint (January 16, 2024), ECF 1 at 2 (Count I). Plaintiff therefore appears to be operating under the mistaken assumption that a CRA such as Experian must somehow receive express authorization directly from a consumer in order to report his or her credit history to third parties.

While Plaintiff repeatedly uses the phrase "identity theft" in his Complaint, upon closer inspection it is clear that he uses that term incorrectly and merely as a shorthand for a permissible purpose claim under the FCRA. Plaintiff's letter to Experian dated July 5, 2023, for example, which is attached as Exhibit A to his Complaint, illustrates that point. While it contains the term "Identity theft" in the first sentence, the language that follows does not support any notion that Plaintiff was the victim of true identity theft. To wit, and contrary to his assertion that he attached all of the documentary proof for a claim of identity theft that would trigger an obligation to block

his credit reporting, ECF 1 at 6-7, Plaintiff did not attach a single document to either of his letters to Experian (attached as exhibits to his complaint). He provided no evidence supporting the idea that his identity had been stolen: no police report, FTC affidavit, or other documentation was ever provided to substantiate a claim of identity theft.[1]

Instead, Plaintiff's letters to Experian simply assert that he did not pre-authorize the reporting of certain of his accounts that he appears to dislike. Of the thirteen entries he places at issue, two of them appear to be credit "inquiries" from Capital One, a potential credit grantor. ECF 1-1 at 2; ECF 1-2 at 2. As to those two entries, Plaintiff simply asserts that these inquiries were "not authorized." ECF 1-1 at 2; ECF 1-2 at 2. As to the remaining eleven accounts, Plaintiff's position is that he has not "authorized" the reporting of these accounts to third parties. ECF 1-1 at 2-3; ECF 1-2 at 2-3.

Plaintiff's Complaint, which attaches and refers to these dispute letters, can only be understood with these distinctions in mind. Plaintiff stitches together multiple, unrelated FCRA provisions to manufacture six FCRA "counts" against Experian. But ultimately, the resolution of each count turns on a proper understanding of the "permissible purposes" to which credit reporting

---

[1] Mr. Harrison includes several references to Section 1681c-2 in his complaint for the idea that Experian was obligated under the FCRA to "block" the reporting of several of his accounts simply because he invoked the phrase "identity theft" in his correspondence with Experian. ECF 1 at 4,6-7; ECF 1-1 at 2-; ECF 1-2 at 2-. What 1681c-2 makes clear is that such blocking is only necessitated when documentation establishing four requirements are met: "(1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer." Even a cursory review of Mr. Harrison's letters to Experian demonstrates that Mr. Harrison provided no such documentation or information. His references to any duty to block his credit reporting under Section 1681c-2, or any claim of identity theft as a basis for a legal claim against Experian, are thus entirely improper.

may be used by a CRA under Section 1681b, which, as further explained below, does not require consumer authorization in many circumstances.

Plaintiff also claims that "Experian has violated his right to privacy," that Experian "has the responsibility to maintain an accurate credit report" under Section 1681e(b), that under some unspecified provision of the FCRA Experian must "validate" accounts in a consumer's credit history, that "Experian furnished deceptive forms and violated his right to an accurate credit report," and that "per the FCRA, Experian was being willfully noncompliant" by not removing accounts from credit report. ECF 1 at 2, 3, 4 (Counts II-VI). Plaintiff cites various provisions of the FCRA and the FDCPA but alleges *no factual allegations* to support any claim, and simply weaves his conclusory allegations of a privacy violation and similar items into his permissible purpose claims. Such conclusory statements are not enough to survive Rule 12(b)'s standard on a motion to dismiss, making amendment futile. Experian therefore requests that this Court dismiss Plaintiff's Complaint with prejudice.

## **LEGAL STANDARD**

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). Rule 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In that regard, the Court is not required to accept the Plaintiff's legal conclusions drawn from the facts or accept unwarranted inferences, unreasonable conclusions, or arguments." *Schmidt v. Experian Info. Sols., Inc.*, No. 1:20-CV-358, 2020 WL 7680548, at *2 (E.D. Va. Nov. 13, 2020) (citing *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

"When a district court is confronted with a complaint that fails not because of some technical deficiency but because its claims lack legal merit, this complaint is properly dismissed

for failure to state claim—that is, finally and prejudicially disposed of." *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009); *see also Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (stating the district court did not abuse its discretion in denying leave to amend, when "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability").

In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's *pro se* complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  A *pro se* complaint should survive a motion to dismiss under Rule 12(b)(6) only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable.  *Id.*; *Iqbal*, 556 U.S. at 680–81.  But a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are "to be liberally construed."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Even so, "a *pro se* litigant's complaint must be dismissed if it does not allege a 'plausible claim for relief.'"  *McCray v. Equifax Consumer Servs., LLC*, No. RDB-18-0994, 2018 WL 4634195, at *2 (D. Md. Sept. 27, 2018) (quoting *Iqbal*, 556 U.S. at 679); *see also Giarratono v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (noting that a *pro se* complaint requires "more than labels and conclusions").  Moreover, "[t]he 'special judicial solicitude' with which a district court should view . . . *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**ARGUMENT**

Plaintiff's core claim — that Experian reported on his credit history without his consent or written instruction — fails as a matter of law. The FCRA expressly establishes numerous scenarios, or "permissible purposes," where a CRA such as Experian may report consumer credit information to third parties without contacting a consumer for consent. 15 U.S.C. § 1681b. The additional claims that Experian somehow violated 15 U.S.C. §§ 1681e(b), 1681i, and 1692j merely restate his permissible purpose claim and fail for the same reasons. Plaintiff fails to plausibly allege a claim for relief on the face of the Complaint, and the Complaint should be dismissed, in full, with prejudice.

### A. The FCRA Does Not Require a Consumer's Written Consent for a CRA Like Experian to Furnish Reports to Third Parties

Plaintiff's claims lack adequate factual support and misinterpret the legal standard to which Experian, a Consumer Reporting Agency ("CRA") is held. Plaintiff's principal claim hinges on the mistaken idea that any reporting information on his consumer report to third parties without his written consent necessarily violates the FCRA. Specifically, Plaintiff alleges that "Experian does not have [a] permissible purpose for the reporting of the accounts." ECF 1 at 3. Beyond this single sentence, Plaintiff provides no further legal basis or factual evidence for this allegation. Plaintiff appears to be referring to 15 U.S.C. 1681b(a)(2) — one subsection of the FCRA permissible purpose section. But this interpretation is plainly wrong and entirely ignores the surrounding text of the statute. In fact, the FCRA expressly contemplates numerous circumstances in which a CRA can permissibly furnish information to a third-party, a number of which are used by CRAs and lenders every day and do not require consumer consent. *See* 15 U.S.C. § 1681b. Experian was simply not required to obtain Plaintiff's written consent to report any of his

information at issue here to a third party like Capital One making a legitimate inquiry. Plaintiff's claim necessarily fails under Section 1681b.

It is true that § 1681b(a)(2) indicates that a consumer's written authorization can provide a permissible purpose for credit disclosures to third parties. But Plaintiff's truncated and misleading citation to § 1681b (see, e.g., ECF 1 at 5-6; ECF 1-1 at 4-5) brazenly omits the numerous other provisions satisfying the idea of permissible purpose *that do not require consumer consent* in the very passages that follow. For the sake of clarity, § 1681b(a) provides in full:

> **(a) In general**
> Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>> (1) In response to the order of a court having jurisdiction to issue such an order, a subpoena issued in connection with proceedings before a Federal grand jury, or a subpoena issued in accordance with section 5318 of Title 31 or section 3486 of Title 18.
>> (2) In accordance with the written instructions of the consumer to whom it relates.
>> (3) To a person which it has reason to believe--
>>> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>>> (B) intends to use the information for employment purposes; or
>>> (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
>>> (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
>>> (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
>>> (F) otherwise has a legitimate business need for the information--
>>>> (i) in connection with a business transaction that is initiated by the consumer; or
>>>> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.
>>> (G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

15 U.S.C. § 1681b(a).

Plaintiff's allegation misstates the requirements of the FCRA. Under section 1681b(a), a credit reporting agency like Experian may furnish a consumer credit report to a third party without a consumer's permission under several circumstances. Yes, one of those circumstances is with the "written instructions of the consumer." *See* § 1681b(a)(2). But CRAs may also provide consumer reports without such permission in a long list of situations, including pursuant to court orders under § 1681b(a)(1); to <u>anyone the consumer reporting agency has reason to believe is using the consumer report for credit, employment, insurance, or government licenses, among other purposes under § 1681b(a)(3)(A)-(G)</u>; to child support agencies under § 1681b(a)(4); to an agency administering a State plan under Section 454 of the Social Security Act for use in setting a child support award under § 1681b(a)(5); and to the Federal Deposit Insurance Corporation or National Credit Union Administration in their work as insured depository institutions or insured credit unions under § 1681b(a)(5).

Written permission is thus only one category of permissible purpose under the FCRA and does not extend to the other categories. As long as Experian had reason to believe that the two inquiries from Capital One (or any other potential credit grantor who made a similar request) met any of the aforementioned scenarios — which is repeatedly the case in the ordinary operation of the consumer credit markets lest the entire system grind to a halt — it was entirely within its rights to report any or all of the eleven accounts at issue in connection with such inquiries without consent from Plaintiff.

Not surprisingly, courts across the country have consistently held that the vast majority of permissible purposes under the FCRA do not require consumer consent before a CRA may release a consumer report. *See*, *e.g.*, *Alessandro-Roberto v. Experian Info. Sols. Inc.*, No. 3:23-CV-0130-D, 2023 WL 6462860, at *5 (N.D. Tex. Oct. 2, 2023) ("the statute does not require a consumer's

written consent in *all* instances"); *Mathews v. Verizon Commc'ns Inc.*, No. CV 19-21442, 2020 WL 5201407, at *8 (D.N.J. Sept. 1, 2020) ("The statute is written in the disjunctive and does not require written authorization under all circumstances, rather, ***written authorization is one permissible circumstance for accessing an individual's credit report***") (emphasis added) (citing *Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274, 296 (D. Conn. 2015) ("the statute provides that one circumstance in which credit reports may be obtained legally is 'in accordance with the written instructions of the consumer to whom it relates.' This provision does not apply to every single one of the statute's authorized purposes"); *Wallace v. Finkel*, 2006 WL 1731149, at *5 (M.D. Ala. June 22, 2006) ("[P]laintiff's consent or knowledge is not required if a report is obtained for a 'permissible purpose' set forth in § 1681b(a)(3).").

Plaintiff simply provides no basis to infer that Experian furnished Plaintiff's credit report for an impermissible purpose, or that any third party lacked a permissible purpose for obtaining the credit report under § 1681b(a). *See Frazier v. Experian Info. Sols.*, 2023 WL 2920833, at *2 (E.D. Pa. Apr. 12, 2023) ("[T]he mere fact that Experian did not obtain Frazier's written consent prior to furnishing his consumer report does not constitute a violation of Frazier's rights under the FCRA, so long as Experian had a permissible purpose for issuing the report."); *Bultemeyer v. CenutryLink, Inc.*, 2020 WL 6063256, at *3 (D. Ariz. Oct. 14, 2020) ("[L]ack of written permission alone is insufficient to show a FCRA violation.").

Indeed, nowhere does Plaintiff allege that Experian lacked a reasonable basis for believing that Capital One was seeking this information for a legitimate and prescribed purpose. He rests his entire claim, notwithstanding his effort to restate it in six different counts, on the flawed argument that his permission was required. This is legally incorrect. Therefore, any claim that Experian violated FCRA § 1681b should be dismissed.

### B. Plaintiff's Remaining Allegations Do Not State a Cognizable Claim Under the FCRA or the FDCPA

Plaintiff's remaining allegations do not set forth a separate cause of action under the FCRA or the Fair Debt Collection Practices Act ("FDCPA").

First, "the inaccuracy of a consumer's report is a necessary element of a § 1681e(b) claim." *Soutter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183, 201 (E.D. Va. 2015). Plaintiff alleges no inaccuracy in his consumer report. Instead, he simply claims that Experian "violated his right to privacy," and "was being willfully noncompliant" by including all of his accounts on his credit report. ECF 1 at 2, 4. But consumers do not get to pick and choose which of their accounts become part of their credit histories, and cannot hide their delinquencies or negative credit histories from prospective new lenders. *Id.* In the absence of any supportable allegation of inaccuracy, Count III and any claim under Section 1681e(b) fails as a matter of law.[2] Conclusory allegations such as Experian's supposed use of "deceptive forms" under 15 USC 1692j in Count V of his Complaint are similarly misguided and do not change the analysis. ECF 1 at 3. Again, Plaintiff does not state what Experian allegedly reported inaccurately, so it is difficult to understand what "forms" are "deceptive" here. Regardless, Section 1692j is not part of the FCRA at all, but rather part of the Fair Debt Collection Practices Act. But the FDCPA does not apply to Experian on its face because Experian is not a debt collector. "To prevail on an FDCPA claim, a plaintiff must allege that: (1) he or she was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) ***the defendant is a debt collector as defined by the FDCPA***; and, (3) the defendant

---

[2] While the absence of a supposed inaccuracy is fatal to this claim, it is also important to note that Mr. Harrison fundamentally misunderstands Section 1681e(b). It is not a strict liability statute, nor does it state that Experian have the "responsibility to maintain an accurate credit report" as Mr. Harrison pleads, but instead requires that Experian follow "reasonable procedures" in order to "ensure maximum possible accuracy" of a consumer's credit information. Nowhere does Mr. Harrison plead that Experian's procedures are unreasonable, let alone why.

engaged in an act or omission prohibited by the FDCPA, such as using a false, deceptive, or misleading representation or means in connection with the collection of any debt." *Urrego v. Samuel White, P.C.*, No. 3:17-CV-437, 2019 WL 7340299, at *3 (E.D. Va. Dec. 30, 2019) (emphasis added), *aff'd sub nom. Urrego v. White*, 831 Fed. App. 82 (4th Cir. 2020); *see also* 15 U.S.C. §1692(e).

Plaintiff has not alleged facts to support any of these elements, nor can he show how the FDCPA applies to Experian. Further, FDCPA § 1692j(a) limits liability to "participating in the collection of or in an attempt to collect a debt," with "debt" being statutorily limited to only those obligations incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Plaintiff's Complaint is devoid of any allegation that the financial obligation, or obligations, at issue were for "personal, family, or household purposes," precluding this claim under the FDCPA. *See Vaile v. Willick*, No. 6:07cv00011, 2008 WL 204477, at *5-6 (W.D. Va. Jan. 24, 2008) (holding that the obligation at issue "would not implicate the FDCPA because it does not arise from a consumer transaction"); *see also Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 270-72 (E.D.N.Y. 2018) (discussing numerous cases in which "courts have concluded that plaintiffs who recite the statutory definition of 'debt' rather than plead facts regarding the debt's nature have not adequately pled an FDCPA claim"). His FDCPA claim under Count V must therefore fail.

Similarly, Plaintiff's claim that Experian invaded his right to privacy in Count II fails. The FCRA gives consumers certain legal protection for their privacy interest in their consumer reports. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, (2007). But that protection is expressly limited: a user who makes the consumer a firm offer of credit can obtain a consumer's report without the consumer's prior knowledge without violating the consumer's privacy rights. *See* 15 U.S.C.

§1681b(c). Where a consumer's report is disclosed to an entity allowed to obtain it, the consumer's rights have not been violated. *See Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x 40, 43 (7th Cir. 2009). Plaintiff alleges no facts, plausible or otherwise, concerning whether his report was ever provided to an entity without a permissible purpose, so his invasion of privacy claim must fail. *See also Dilday v. Directv, LLC*, No. 3:16CV996-HEH, 2017 WL 1190916, at *4 (E.D. Va. Mar. 29, 2017) ("a violation of the FCRA's prohibition on furnishing a consumer report absent a permissible purpose cannot, standing alone, be understood to constitute a concrete injury."). Count II should therefore be dismissed.[3]

Plaintiff cannot correct the fundamental deficiencies of his claims through amendment, and thus, any opportunity to amend should be denied as futile. Plaintiff's legal claims misunderstand the obligations imposed by the FCRA and FDCPA and are not grounded by any alleged facts. Because no amendment would correct these fatal defects, the Court should decline to permit amendment as futile. *See Julian v. Bank of Am.*, N.A., No. 3:16-00173, 2017 U.S. Dist. LEXIS 151368, at *15-16 (W.D.N.C. Sept. 8, 2017) (denying opportunity to amend where "Plaintiffs can't wholly eliminate the deficiencies in their Complaint . . . [and thus] an amended complaint would be futile and would only waste significant additional resources").

### C. Plaintiff's Reference to Non-Existent Class Claims Should Be Stricken from the Complaint

Separately, although Plaintiff styled his caption as a "class action complaint," ECF 1 at 1, he makes no class allegations. Defendant Experian requests that "class action" be stricken from the caption of the Complaint. Federal Rule of Civil Procedure 23 allows a court to "issue orders

---

[3] Counts IV and VI should be dismissed as well. Count IV cites no FCRA provision or support for the one-sentence claim that Experian must "validate" a consumer's credit reporting. Experian in unaware of the FCRA provision imposing this requirement, or what the term even means, and respectfully suggests that the claim is unfounded. And Count VI simply asserts that Experian acted willfully, which is not a standalone count under the FCRA at all.

that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[,]" Fed. R. Civ. P. 23(d)(1)(D), and requires the court to determine whether to certify a case as a class action "[a]t an early practicable time." *Id.* 23(c)(1)(A). "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiffs' claim[.]" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Here, despite the case caption, there are no allegations sustaining this case on a class basis. As it is plain from the pleadings no class can proceed, any reference to the representation of absent persons should be struck.

## **CONCLUSION**

For the foregoing reasons, Defendant Experian respectfully requests that this Court order Plaintiff's Complaint to be dismissed in full with prejudice.

## *ROSEBORO* **NOTICE TO PLAINTIFF PURSUANT TO LOCAL CIVIL RULE 7(K)**

Plaintiff is hereby notified of the following:

(1) The *pro se* party is entitled to file a response opposing this motion and any such response must be filed within twenty-one (21) days of the date on which this dispositive motion is filed;

(2) The Court could dismiss the action on the basis of the moving party's papers if the *pro se* party does not file a response;

(3) The *pro se* party must identify all facts stated by the moving party with which the *pro se* party disagrees and must set forth the *pro se* party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4) The *pro se* party is also entitled to file a legal brief in opposition to the one filed by the moving party.

Dated: February 9, 2024  **EXPERIAN INFORMATION SOLUTIONS, INC.**

By: */s/David N. Anthony*
David N. Anthony
Virginia State Bar No. 31696
H. Scott Kelly
Virginia State Bar No. 80546
John E. Komisin
Virginia State Bar No. 84061
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com
Email: scott.kelly@troutman.com
Email: jed.komisin@troutman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and sent a true and complete copy via electronic mail, to:

>Robert N. Harrison
>10921 Tray Way
>Glen Allen, Virginia 23060
>robby_h1@hotmail.com
>
>*Pro se Plaintiff*

>*/s/ David N. Anthony*
>David N. Anthony
>Virginia State Bar No. 31696
>*Counsel for Experian Information Solutions, Inc.*
>TROUTMAN PEPPER HAMILTON SANDERS LLP
>1001 Haxall Point
>Richmond, VA 23219
>Telephone: (804) 697-5410
>Facsimile: (804) 698-5118
>Email: david.anthony@troutman.com